**Manjit KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71385.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Michelle E. Gorden, Attorney, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, TALLMAN, and BEA, Circuit Judges.

MEMORANDUM **

Manjit Kaur, a native and citizen of India, petitions for review of a decision of the

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-

cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Board of Immigration Appeals ("BIA") dismissing her appeal from an Immigration Judge's ("IJ") order denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review credibility findings under the substantial evidence standard, and we will reverse the decision only if the evidence compels that result. *Pal v. INS,* 204 F.3d 935, 937 n. 2 (9th Cir.2000). We deny the petition for review.

 Substantial evidence supports the BIA's adverse credibility determination, which is based on Kaur's failure to respond to numerous questions during cross-examination and on Kaur's demeanor. The IJ specifically noted that Kaur refused to answer questions about the two arrests that lie at the heart of her claim and could not explain a discrepancy between her testimony on direct and an earlier declaration. *See Singh v. Ashcroft,* 301 F.3d 1109, 1114 (9th Cir.2002) (adverse credibility finding based on unresponsiveness must identify particular instances where alien refuses to answer questions). The IJ also found Kaur's demeanor on cross significantly different from her demeanor on direct. *See Arulampalam v. Ashcroft,* 353 F.3d 679, 686 (9th Cir.2003) (demeanor includes modulation or pace of speech).

Because we conclude that the adverse credibility determination is supported by substantial evidence, Kaur has failed to show eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). As Kaur's CAT claim also relies on her testimony about the prior arrests, that claim must fail as well. *See id.* at 1157.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Kaur also claims that the IJ was biased and that the translator at her hearing erred. Because Kaur raised neither of these issues before the BIA, she has failed to exhaust her administrative remedies, and we lack jurisdiction to hear those claims. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 780 (9th Cir.2001).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

PETITION FOR REVIEW DENIED.